IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:06-0018-CMC |
| v. | |
| Donel Andrea Carey, | **Opinion and Order** |
| Defendant. | |

Defendant, through his attorney, seeks relief pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), he is no longer an armed career criminal and should be resentenced. ECF No. 39. Defendant filed a motion to hold this matter in abeyance pending *United States v. Doctor*, No. 15-4767, a Fourth Circuit appeal dealing with the same issue. ECF No. 40. The Government consented and this court granted the motion (ECF No. 41). After *Doctor* was decided, the court entered an order directing the Government to respond on the merits. ECF No. 44. The Government filed a response in opposition to Defendant's § 2255 motion and a motion for summary judgment. ECF Nos. 45, 46.

**I.   Background**

On January 4, 2006, Defendant was indicted for two counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ECF No. 1. On February 8, 2006, a superseding indictment charged three felon in possession counts. ECF No. 7. Defendant entered into a written plea agreement on July 6, 2006, agreeing to plead guilty to count three of the superseding indictment. ECF No. 27. Defendant entered the guilty plea the same day. ECF No. 29.

A Pre-Sentence Report (PSR) concluded Defendant was an armed career criminal under the Armed Career Criminal Act ("ACCA") and faced a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment.  The PSR found that Defendant's prior convictions for Possession of Cocaine with Intent to Distribute (1991), Strong Arm Robbery (1993), and Possession of Cocaine with Intent to Distribute (2000) were predicate convictions for ACCA purposes.  *See* PSR ¶¶ 25, 27, 29.  Defendant's guideline range was calculated to be 168-210 months, but became 180-210 months based on the statutory minimum sentence.  There were no objections to the PSR.

On October 30, 2006, Defendant appeared for sentencing.  The court sentenced Defendant to 180 months' imprisonment and a five-year term of supervised release.  Defendant did not appeal his conviction or sentence.  Defendant filed the instant § 2255 motion on March 11, 2016.

## II.    The ACCA

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison.  *See* 18 U.S.C. § 924(a)(2).  However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years imprisonment with a maximum term of life imprisonment.  Title 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As is relevant to this case, the statute defines "violent felony" as

2

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted as the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause."

### III.     *Johnson* **and** *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch*, which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

3

**IV.    ACCA Discussion**

Defendant has three predicate convictions which served to qualify him for the ACCA enhancement at the time of sentencing: two felony drug offenses and the Strong Arm Robbery conviction. While Defendant's drug offenses were untouched by the *Johnson* ruling, the Strong Arm Robbery was counted as a violent felony under the ACCA.  Therefore, the issue at hand is whether the Strong Arm Robbery conviction qualifies as an ACCA predicate conviction under the force clause, or only qualified under the now-defunct residual clause, in which case Defendant is no longer an armed career criminal.

The Fourth Circuit recently decided *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), and held that South Carolina robbery is a violent felony under the ACCA.[1]  South Carolina courts define Strong Arm Robbery as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *Id.* at *2 (citing *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003)). The court examined cases defining and interpreting South Carolina law to conclude that robbery by either putting someone in fear or by actual violence satisfies the force clause by requiring the threat or use of "violent force." *Id.* at *5 ("South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the 'use, attempted use, or threatened use of physical force against the person of

---

[1] *Doctor* noted that "South Carolina strong arm robbery and common law robbery are synonymous terms for a common law offense whose penalty is provided for by statute." *Id.* at *1 n.1. Therefore, the Fourth Circuit simply referred to this offense as "South Carolina robbery" throughout the opinion.

4

another.'"). The court also rejected defense arguments that South Carolina robbery could be committed by violent force against property instead of a person, without an intentional use of force, and by using *de minimis* actual force (in contrast to North Carolina's common law robbery offense). Therefore, the court determined that South Carolina robbery "necessarily" has as an element the use, attempted use, or threatened use of physical force, and thus qualifies as a violent felony under the ACCA. *Id.*

## V. Conclusion

As South Carolina robbery is a violent felony under the ACCA force clause, Defendant has three predicate offenses as required under the ACCA and remains an armed career criminal. Therefore, the Government's motion for summary judgment is granted, and Defendant's § 2255 motion is **dismissed**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
February 23, 2017